EDISON FIXTURE COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. JOHN COPOULOS, TRADING AS TWENTIETH CENTURY MODEL BAKERY, DEFENDANT-APPELLEE.

Argued October 8, 1924—Decided February 5, 1925.

Contracts—Sale of Goods—Contract in Writing—Alleged Variation Between Salesman's Promises and Written Contract—Alleged Oral Representations of Salesman to Induce Execution of Contract—No Counter-claim, Notice of Recoupment Nor Proof of Amount of Damages—Plaintiff Not Bound by Salesman's Representatives—Judgment for Defendant Reversed.

On appeal from the District Court of the city of Camden.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Herman B. J. Weckstein.*

For the appellee, *Waller S. Keown.*

PER CURIAM.

The plaintiff below sold and delivered to the defendant six electric fixtures at the price of $15.50 each, to be paid for in installments, pursuant to a written contract as follows:

"The price of these electric lamps are $15.50 each. These lamps are not on trial. They are sold.

No connection with the N. Y. Edison Co. or Brooklyn Edison Co.

Brooklyn office, 186 Joralemon street.

Edison Fixture Co., Inc.

332 Broadway.    Telephone Franklin 2614.    New York.

$15.50—70c. as first payment on each and every fixture and 70c. every two weeks until the sum of $15.50 is fully paid.

I, the undersigned (hereirafter called the subscribed), promise and agree to pay to the Edison Fixture Co., Inc. (hereinafter called the Company), the sum of $93.00 for six electric fixtures at $15.50 on each and every fixture to be delivered for me less chain drops at my premises No. .... the sum of $4.20 as first payment and the balance $4.20 every two weeks until the sum of $93.00 is fully paid.

In consideration of the above the Company agrees to sell these fixtures upon the signing of this agreement, upon conditions set forth herein.

In the event of the subscriber's failure to pay any of the installments herein mentioned, it is agreed and understood between the parties herein mentioned, that the Company shall have the right to demand the entire amount above agreed upon, less any sum already paid.

The Edison Fixture Co., Inc., shall not be responsible for any injury or damage, through breakage or otherwise, of said appliance.

The Company guarantees the fixtures to be free from imperfection in material at time of delivery, and agrees to exchange bulbs and globes during the life of this contract, provided burned out bulbs and globes are returned and payments made regularly.

Date May 18, 1923.              First name in full.

Name—Twentieth Century Model.

Bakery.   Subscriber.

JOHN COUPOULOS,

Address 25 Market St., Ferry Walk, near.......

City or Borough, Camden, State, N. J.

Business, Bakery.

Collected on account, $4.20.

All verbal and written agreements not mentioned in this contract are void.

Contract No. 30790.

Salesman—L. K. S."

Upon defendant's default in the payment of certain installments, this suit was brought to recover the balance of the purchase price.

The defendant filed no notice of recoupment, or counterclaim, or other pleading whatsoever. Upon the proofs submitted at the trial the judge rendered judgment for the defendant.

We are unable to perceive any theory upon which the judgment can be sustained.

No denial was made of the plaintiff's proofs of the execution of the contract, the delivery of the fixtures and the default in payment.

There was no proof that there was any fraud in the execution of the contract, or that the defendant was deceived by the plaintiff as to its contents or terms.

The defendant, however, sought to interpose as a *complete defense* to the action certain alleged misrepresentations made by the plaintiff's salesman at the time of the execution of the contract, which will now be considered.

The first alleged oral misrepresentation was to the effect that the fixtures installed would cost less to operate than those theretofore used by the defendant. To this we deem it to be sufficient answer to point out that an examination of the writing itself shows that, by the express terms thereof, the plaintiff company was not bound by that representation if made.

The defendant next sought to set up as a *complete defense* to the action that the salesman, at the time the contract was executed, made an oral representation that the company (as stated in respondent's brief) "was going to install a service office in the city of Camden, and that it would take care of all repairs, adjustments and everything of that nature, with-

out any cost or expense to the defendant, and that it failed to do so. To that there are two answers—*first,* by the terms of the contract the plaintiff company was not bound by such a representation, if made; *secondly,* the provision of the contract is that the company "agrees to exchange *bulbs and globes* during the life of the contract, *provided burned-out bulbs and globes are returned and payments made regularly,"* and there is no proof that any burned-out bulbs or globes were returned. On the contrary, the proof is to the effect that they were not returned, and that the defendant continued to use the *fixtures* without making the payments required by the contract. Moreover, if there had been proof of a partial failure of consideration by reason of the non-exchange of *bulbs and globes,* that would not have justified the judgment for the defendant, because, as we have pointed out, there was no counter-claim or notice of recoupment of damages filed by the defendant, and no proof of the amount of damages.

It may well be that the contract made was an unwise one for the defendant to make. But with that this court cannot concern itself. Our duty is to give effect to legal rights of parties arising under contracts that they have seen fit to enter into.

We are unable to find any evidence justifying the judgment for the defendant, and it will be reversed, and a *venire de novo* awarded.